ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO. 5:07CR30 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| PAUL MONEA, | ) | <u>ORDER</u> |
| | ) | |
| Defendant. | ) | |
| | ) | (Resolves Doc. 253) |

This matter appears before the Court on motion by the Government for an interlocutory order of sale of the forfeited property, "a 43.51 Carat Modified Rectangular Brilliant Yellow Diamond Internally Flawless with Fancy Intense Grate" (hereafter "the diamond"). Petitioners Brooke and Blake Monea and The Monea Family Trust I (collectively "the Trust") filed a joint motion in opposition to the sale. Additionally, Petitioners Gerald K. Deleo and Corona Clay Company filed a joint motion in opposition to the sale. For the reasons stated herein, the Government's motion is DENIED at this time.

21 U.S.C. § 853(g) provides in pertinent part as follows:

Following entry of an order declaring the property forfeited, the court may, upon application of the United States, enter such appropriate restraining orders or injunctions, require the execution of satisfactory performance bonds, appoint receivers, conservators, appraisers, accountants, or trustees, or *take any other action to protect the interest of the United States in the property ordered forfeited*.

(emphasis added). In its motion, the Government argues that "its interest in the Diamond will be better protected if it and the other parties involved in this matter can negotiate a possible settlement

of a pot of cash rather than an interest in the Diamond." Doc. 253 at 2. In opposition, the Trust asserts that the diamond is unique and that money is an improper substitute.

Upon review of the relevant case law, the Court somewhat reluctantly determines that it lacks the authority to order an interlocutory sale in this matter. By the Government's own admission, the sale of the diamond would do little more than expedite resolution of the matter. The Court agrees that selling the diamond could expedite the settlement of the claims in this matter. However, selling the diamond would not serve "to protect" any interest of the Government. These is no evidence before the Court that the market for the sale of the diamond will change in the near future nor is there any reason to believe that the diamond's value will be impaired if an immediate sale is not held. Consequently, the Government's interest is not being threatened in any manner.

Upon review of relevant precedent, the Court has found no authority that would permit the sale of the forfeited property solely to expedite a possible settlement.[1] As multiple petitioners have objected to the sale, the Government's motion is DENIED at this time.[2]

IT IS SO ORDERED.


July 11, 2008                                  /s/ John R. Adams
Dated                                          JUDGE JOHN R. ADAMS
                                               United States District Judge

---

[1] The Court notes that nothing would preclude the parties from negotiating settlements based upon percentages of the diamond with appropriate limitations put in place based on the appraised value of the diamond.
[2] Similar to the argument raised by Deleo, the Court also questions whether clear title to the diamond could be passed to a purchaser when there are objections to the sale from petitioners in this action.