ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) CASE NO. 5:07CR30 |
| v. | ) JUDGE JOHN R. ADAMS |
| PAUL MONEA, | ) ORDER |
| Defendant. | ) |
| | ) (Resolves Doc. 263) |

On July 1, 2008, Petitioners Charity Fellowship of Truth Church and Reverend David Moore (collectively "the Church") filed a jury demand in this forfeiture action. The Government responded in opposition to the demand and the Church replied. Upon review of the relevant facts and precedent, the Court DENIES the Church's request for a jury trial.

21 U.S.C. § 853 governs criminal forfeiture actions. 21 U.S.C. § 853(n) provides that any hearing to determine the interest of a third party in forfeited property "shall be held before the court alone, without a jury." The Church alleges that this provision violates either the Seventh Amendment or the Sixth Amendment. The Court finds no merit in these claims.

With respect to the Sixth Amendment, the U.S. Supreme Court has held that "the right to a jury verdict on forfeitability does not fall within the Sixth Amendment's constitutional protection." *Libretti v. U.S.*, 516 U.S. 29, 49 (1995). Consequently, the Church's Sixth Amendment argument lacks merit.

The Seventh Amendment provides as follows:

> In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law.

U.S. Const. amend. VII.  "Suits at common law" has been interpreted "to refer to cases tried prior to the adoption of the Seventh Amendment in courts of law in which jury trial was customary as distinguished from courts of equity or admiralty in which jury trial was not."  *Atlas Roofing Co. v. Occupational Safety & Health Rev. Comm'n*, 430 U.S. 442, 449 (1977).  Consequently, the Seventh Amendment right to jury trial exists only for actions which permitted such at common law when the Bill of Rights was ratified in 1791.  *See Curtis v. Loether*, 415 U.S. 189, 193 (1974).

In providing a framework for analyzing this issue, the Supreme Court in *Tull v. United States*, 481 U.S. 412, 417-21 (1987), stated as follows:

> First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity.  Second, we examine the remedy sought and determine whether it is legal or equitable in nature.
>
> …
>
> We need not rest our conclusion on what has been called an "abstruse historical" search for the nearest 18th-century analog.  We reiterate our previously expressed view that characterizing the relief sought is "[m]ore important" than finding a precisely analogous common-law cause of action in determining whether the Seventh Amendment guarantees a jury trial.

(internal citations omitted).  In performing this analysis, courts have consistently held that no right to a jury trial exists in criminal forfeiture proceedings.  *See, e.g., United States v. McHan*, 345 F.3d 262 (4th Cir. 2003) (analogizing the forfeiture proceeding to an action to quiet title for which no jury trial right existed at common law).

In an attempt to avoid the result compelled by statute and precedent, the Church seeks to analogize its claim with that of a claim for breach of contract.  The forfeiture action, however, is

not analogous to a breach of contract action.   While the Church's alleged interest in the diamond may have been created through contract, the issue of whether a contract was breached will not be presented to the Court.   Instead, the Court will only determine when, if it all, an interested vested through the alleged contract.   Consequently, the Court agrees that this action is most closely analogous to an action to quiet title.   A Seventh Amendment right to trial by jury, therefore, does not attach.

      The Church's jury demand is DENIED.

      IT IS SO ORDERED.


July 11, 2008_____        /s/ John R. Adams_____
Dated        JUDGE JOHN R. ADAMS
       United States District Judge