ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO. 5:07CR30 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| PAUL MONEA, | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | (Resolves Docs. 223, 261) |

On June 12, 2008, this Court held an initial scheduling hearing in the forfeiture aspect of this matter. During that hearing, Petitioner John M. Regan was ordered to file a memorandum establishing that he is a proper party to this action. Regan filed his memorandum on June 26, 2008. Doc. 258. In response to that filing, Petitioners Charity Fellowship of Truth Church and Reverend David Moore (collectively "the Church") moved to strike any claim Regan has filed. Doc. 261. The Court has reviewed the applicable law and the parties' arguments. Based upon that review, Regan's petition to establish a charging lien is DENIED. The Church's motion to strike Regan's claim is GRANTED.

Regan claims that he may enforce a charging lien on any recovery by the Church in this forfeiture proceeding. In support of his argument, Regan relies upon New York Judiciary Law, § 475. § 475 provides as follows:

> From the commencement of an action, special or other proceeding in any court or before any state, municipal or federal department, except a department of labor, or the service of an answer containing a counterclaim, *the attorney who appears for a party* has a lien upon his client's cause of action, claim or counterclaim, which

> attaches to a verdict, report, determination, decision, judgment or final order in his client's favor, and the proceeds thereof in whatever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment, final order or determination. The court upon the petition of the client or attorney may determine and enforce the lien.

(emphasis added). New York courts have consistently held that an attorney must have appeared in an action as counsel of record to be entitled to a charging lien. *See Jaghab & Jaghab v. Marshall*, 256 A.D.2d 342, 343 (N.Y. 1998) ("Since the petitioner law firm neither appeared as attorney of record in an action or proceeding (Judiciary Law § 475) nor filed a proper notice of lien pursuant to Judiciary Law § 475-a, it was not entitled to a charging lien under the Judiciary Law."). "The statutory charging lien exists only in favor of an attorney who appears for a party, that is, an attorney of record, and will not attach otherwise[.]" *D'Amico v. Nuzzo*, 138 A.D.2d 667, 668 (N.Y. 1988).

It is undisputed that Regan has never appeared in this action as an attorney for the Church. While the parties dispute whether Regan has performed services for the Church in the past, any such work that was performed cannot form the basis of a charging lien in a matter in which Regan never appeared. Consequently, his petition for such a lien is DENIED and the Church's petition to strike his interest is GRANTED.

IT IS SO ORDERED.

July 11, 2008_____  /s/ John R. Adams_____
Dated                                    JUDGE JOHN R. ADAMS
                                         United States District Judge